**REWAVE HEATERS, Inc., v. NESTLE-LEMUR CO.**

District Court, S. D. New York.
Jan. 11, 1937.

Morgan, Finnegan & Durham, of New York City, for plaintiff.

Morris Kirschstein, of New York City, for defendant.

PATTERSON, District Judge.

The suit is for infringement of reissue patent to Speetjens, 18,614, covering a heater for imparting a permanent wave to the hair. The patent was originally 1,504,-988, applied for in 1922 and issued in 1924. Application for reissue was made in 1932, and the reissue was granted on October 4, 1932. As reissued the patent covered six additional claims, claims 5–10.

A familiar method of waving the hair permanently is to wind a strand spirally along a small rod, wrap it in a cloth saturated in an alkaline solution, with a covering of tin foil or cardboard, and insert the assembly into a tubular electric heater. The patent to Speetjens claims an improved type of heater. According to Speetjens, there is an advantage in regulating the heat so as to obtain more heat on the hair near the scalp than on the hair remote from the scalp. This advantage will be gained, so says the patent, by a heater with the heating coil at the end of the heater that in use is nearest the scalp, with slots or vents in the middle portion, and with adjustable shutters. The heating coil in the end adjacent to the scalp will raise the temperature of the hair near the scalp. With the vents open some of the heat in the portion where the rest of the hair is wrapped will escape and the temperature there will be lowered. The claimed invention rests in the feature of vents and shutters in a heater for permanently waving the hair. The Speetjens heater has had no commercial experience.

The prior art presents a number of heaters resembling the Speetjens device in purpose and effect. The patent to Grosert and Unger, 1,029,361 (1912), covers a heater with the heating coil in the end near the head and with a hinged door at the other end. While the purpose of the hinged door is not given, it is quite evident that the opening of the door would tend to lower the temperature in that end of the heater. The patent to Kremer, 1,164,101 (1915), is for a very short heater, one to two inches in length. Kremer points out that by the use of his heater, only the part of the hair near the head will be heated. The Kremer patent was held void for lack of invention over Grosert and Unger in Thomas Lasting Wave Co. v. Fredericks, Inc., 277 F. 186 (C.C.A.2).

In the patent to Suter, 1,266,879 (1918), the advantage of regulating the heat to be applied to different portions of the hair is discussed. Suter achieved this advantage by a heater with two independent heating sections, one in each end of the tube, the sections separated by struts. The heater at the end near the scalp is used to heat the hair near the scalp; the heater at the other end supplies heat for the outer end of the hair and may be cut in and out according to the amount of heat desired. The Suter device was held void for lack of invention in Nestle-Le Mur Co. v. Eugene, Ltd., 55 F.(2d) 854 (C. C.A.6).

The British patent to Nessler, 8,117 (1914), describes a heater of the short type like Kremer's, but with a removable cap at the top. Nessler points out that with the cap removed the heat is applied only to

the hair close to the head; with the cap in position the heat is applied to the whole length of hair.

The prior art being what it is, I am of opinion that the Speetjens patent lacks invention. The idea of a heater which would furnish more heat to the hair close to the scalp than to the rest of the hair was not new. Kremer, Suter, and Nessler had devised heaters with this aim in view.

To accomplish an old result, Speetjens merely took a familiar type of heater, one with the heating element in the end, and added a familiar method of ventilation, the vent and shutter device. This was a step that involved no more than ordinary mechanical skill. There was nothing that approached invention.

It is unnecessary to decide whether claims 5 to 10 are invalid because of the delay in filing the reissue application. These claims as well as those in the patent as originally issued are invalid for want of invention. The bill will accordingly be dismissed.